| LOLA MARVENE MAHER, WIFE OF/AND JOHNY (NMI) MAHER | * | NO. 2023-CA-0416 |
|---|---|---|
| | * | COURT OF APPEAL |
| VERSUS | * | FOURTH CIRCUIT |
| NEW ORLEANS CITY PARK AND/OR NEW ORLEANS CITY PARK IMPROVEMENT ASSOCIATION; AND THE STATE OF LOUISIANA EX REL. DEPARTMENT OF CULTURE, RECREATION, AND TOURISM | * | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2016-12412, DIVISION "A"
Honorable Ellen M Hazeur, Judge
\* \* \* \* \* \*
**JUDGE SANDRA CABRINA JENKINS**
\* \* \* \* \* \*

(Court composed of Chief Judge Terri F. Love, Judge Sandra Cabrina Jenkins, Judge Karen K. Herman)

ON APPLICATION FOR REHEARING

Nathan L. Schrantz
NATHAN SCHRANTZ LLC
830 Union St
Suite 302
New Orleans, LA 70112

      COUNSEL FOR PLAINTIFF/APPELLANT

Jeff Landry
ATTORNEY GENERAL
Adrian Alpay
Assistant Attorney General
LOUISIANA DEPARTMENT OF JUSTICE
1855 N. Third Street
3rd Floor
Baton Rouge, LA 70804-9005

      COUNSEL FOR DEFENDANT/APPELLEE

**REHEARING GRANTED FOR CLARIFICATION; RELIEF DENIED;
ORIGINAL OPINION AFFIRMED
JANUARY 29, 2024**

SCJ
TFL
KKH

We grant appellee, State of Louisiana, through the Department of Culture, Recreation, and Tourism ("DCRT") on behalf of New Orleans City Park Improvement Association's application for rehearing to address its argument that this Court's December 18, 2023 opinion conflicts with *Beal v. Westchester Surplus Lines Ins*. Co., 2021-0187 (La. App. 4 Cir. 12/15/21), 334 So.3d 438, *writ denied*, 2022-00114 (La. 4/5/22), 335 So.3d 838, and the Court erred in reversing summary judgment without addressing its argument that Lola Marven Maher and Johny Maher (collectively "the Mahers") failed to meet their burden of proving notice under La. R.S. 9:2800.

DCRT's application for rehearing seeks reconsideration of this court's ruling that reversed and remanded the trial court's April 13, 2023 judgment that granted its motion for summary judgment and dismissed the Mahers' claims. DCRT argues that *Beal* established that the definition of recreational purposes is broad enough to include activities normally associated with attending a music festival, thus

1

attending an annual holiday light festival held outdoors serves as a recreational purpose.

In *Beal*, this Court determined whether attending a music festival is considered an event generally held in the true outdoors. The Court noted that "[t]he [French Quarter] Festival was created with the purpose of promoting the French Quarter and the City's culture and heritage. The Festival is a free event where local musicians perform, and local food/beverage vendors sell their product to the public." *Beal*, 2021-0187, pp. 12-13, 334 So.3d at 446. DCRT fails to consider is that as the mover, it bore the burden of proof in the motion for summary judgment to point out to the court the absence of factual support for one or more elements essential to the Mahers' claim. The evidence presented established that City Park is available to the public for outdoor recreation, however, it failed to establish that Celebration in the Oaks is a recreational activity that encompass "viewing or enjoying historical, archaeological, scenic, or scientific sites." *See* La. R.S. 9:2795; *see also Beal*, 2021-0187, p. 13, 334 So.3d at 446. Thus, we do not find that DCRT made a *prima facie* showing that it is entitled to immunity under the Recreational Use Statute to switch the burden of proof to the Mahers.

Next, DCRT argues that this Court erred in reversing the trial court's judgment without ruling on the issue of whether the Mahers proved actual or constructive notice. It is well-settled that "appellate courts will not consider issues raised for the first time on appeal that were not pleaded in the trial court or were not addressed by the trial court." *Hawthorne v. Tulane Med. Ctr*., 2022-0362, p. 9 (La. App. 4 Cir. 12/12/22), 367 So.3d 689, 696 (citing *Geiger v. State, ex rel. Dept.*

*of Health and Hosp.*, 2001-2206, p. 11 (La. 4/12/02), 815 So.2d 80, 86). The trial court did not rule on the issue of constructive notice, as it provided at the conclusion of the February 3, 2023 hearing that it "declines to address whether the defendant had notice of the missing catch basin." Therefore, this Court will not address the issue.

For these reasons, we grant the application for rehearing for clarification, deny the relief, and affirm our original opinion.

**REHEARING GRANTED FOR CLARIFICATION; RELIEF DENIED; ORIGINAL OPINION AFFIRMED**